Michael H. Artan (State Bar No. 97393)
35 North Lake Avenue, Suite 710
Pasadena, CA 91101
Tele: 213/407-2985 Fax: 213/402-3132
Email: mha@artanlawapc.com

*Counsel for Plaintiff*
*Kimberly Gardiner Tull*

# UNITED STATES DISTRICT COURT,

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY GARDINER TULL, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** |
| BAKERSFIELD POLICE DEPARTMENT; CITY OF BAKERSFIELD; BAKERSFIELD POLICE OFFICER DOUGLAS DRASHER; BAKERSFIELD POLICE OFFICER NELSON; and DOES 1 to 20, | **[42 U.S.C. §§ 1983, 1988]** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |
| _____/ | |

Plaintiff Kimberly Gardiner Tull alleges her civil rights were violated as follows:

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

*Jurisdiction and Venue:*

1.    This action for money damages arises under the Civil Rights Acts of 1871, 42 U.S.C. §§ 1983, 1985(3), 1988, the First, Fourth, Fifth and Fourteenth

Amendments to the United States Constitution, and other applicable federal and state law.

2. This Court has jurisdiction over the Federal Claims in this action based on 28 U.S.C. §§ 1331 and 1343.

3. The unlawful conduct and illegal practices alleged in this complaint were all committed in the Eastern District of California. Venue therefore lies in this district, pursuant to 28 U.S.C. § 1391(b).

***Parties:***

4. At all times set forth in this complaint and now, Plaintiff Kimberly Gardiner Tull ("Ms. Tull" or "Plaintiff") has been an inhabitant of the United States, and a resident within the jurisdiction of the Eastern District of California.

5. Based on information and belief, Defendant Bakersfield Police Officer Douglas Drasher (Badge Number 1616) was an employee of the Bakersfield Police Department ("BPD") and the City of Bakersfield ("the City") at all relevant times in this complaint.

6. Based on information and belief, Defendant Bakersfield Police Officer Nelson was an employee of the BPD and the City at all relevant times in this complaint.

7. Because Plaintiff is ignorant of the true names and capacities of Does 1 to 20, she is suing these Defendants by these fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the true names and capacities are learned. Plaintiff is informed and believes, and on that basis alleges, that the Doe Defendants acted in concert with all the named defendants. The Doe Defendants are being sued in their individual and official capacities.

8. The City employs all individuals employed by the BPD, including BPD Officer Drasher, BPD Officer Nelson, and Doe Defendants 1 to 15 ("the Officers"). At all times relevant to this Complaint, the Officers were duly

appointed, duly hired and acting as law enforcement officers, acting under color of law and under color of statutes, ordinances, regulations, policies, customs and usages of the City and the State of California. Plaintiff was deprived of interests protected by the United States Constitution and laws of the United States, and each and every defendant caused, by commission or omission, these deprivations while acting under color of law.

9.    The Officers, and each of them, acted as alleged in this complaint, as individuals, and they also acted under color, authority, and pretense of the laws, statutes, regulations, customs and usage of the City and the State of California, and under the authority of their official capacities.

10.    Plaintiff is informed and believes, and on that basis alleges, that each and every act alleged in this complaint was done by the Officers in the execution and implementation of the official policy, practice and custom of the BPD. Plaintiff is informed and believes, and on that basis alleges, that at all times set forth in this complaint each of the individual defendants were the agent or the employee of the remaining defendants, and in doing the acts alleged below, were acting within the scope of his or her agency or employment.

11.    The acts and omissions complained of in this action were engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights violated, despicably, and with evil motive and intent, in disregard of the rights of the Plaintiff.

12.    In violation of 42 U.S.C. § 1983, each individual Defendant conspired with the other in order to deprive Plaintiff of her rights as set forth in this action.

*Facts Common to All Claims for Relief:*

**Summary of Facts**

13.    On April 2, 2025, Plaintiff was falsely and wrongfully arrested by the BPD and detained for 72 hours in Bakersfield, California. The wrongful arrest was

based on false allegations of lewd and lascivious acts involving Plaintiff's 7-year-old son. No charges were ever filed against Plaintiff.

14. Despite never being charged, the false arrest was publicized by local media, and the school district Plaintiff worked for notified parents, school staff and students of the allegations — causing extreme lasting damage to Plaintiff's reputation, career, and mental health.

15. Since then, Plaintiff experienced severe emotional trauma, including PTSD, and significant damage to her personal and professional life. There were numerous threats to Plaintiff on social media platforms. Plaintiff's children have also been deeply affected. Both of her children were removed from her home for two months following the arrest.

**The False Arrest**

16. On or about April 1, 2025, Plaintiff's youngest son, G.T., apparently had a bruise/mark on his neck/throat area.

17. Plaintiff and her sons went about their normal evening routine. Plaintiff did not notice a mark on G.T. and had no knowledge of how or when it occurred.

18. In the morning of April 2, 2025, while getting ready for her sons' school and her work, Plaintiff noticed a marked area on G.T.'s throat/neck. Plaintiff asked G.T. what happened to make those marks; but he said he did not know or remember anything and said it could have been his brother or their new puppy. Plaintiff asked if it hurt; G.T. said it did not hurt and said he wanted to go to school. Plaintiff dropped both her sons off at school, Old River Elementary (Old River), which is part of the Panama-Buena Vista Union School District (PBVUSD).

19. That morning, Plaintiff went to work at Leo B. Hart Elementary School, which is also part of PBVUSD.

20. In the late afternoon, Plaintiff left her job and went to pick up her sons from the after-school daycare program at Old River. Soon after, Plaintiff arrived at Old River, and she was met by the principal of the school Kathy Josephson.

21. Josephson escorted Plaintiff to the school office and let Plaintiff know that she was bringing Plaintiff to her office to speak with the police. There were three police officers waiting in her office for Plaintiff. Officer Nelson, Officer Drasher, and a third officer.

22. In the late afternoon, and early evening, Plaintiff was detained and questioned about the marked area on G.T.'s neck. The police stated they believed it was a "hickey" because G.T. supposedly said Plaintiff kissed him on the neck. Plaintiff is informed and believes that Old River employees and Bakersfield Police Department employees used illegal, coercive and suggestive interview/interrogation methods to obtain a statement or statements from G.T. falsely blaming Plaintiff for the marked area.

23. Plaintiff repeatedly told the police that she was unaware how G.T. got the mark on his neck. Plaintiff opined that it could have been from G.T. wrestling and playing with his older brother, B.T., or from their 35-pound puppy. The police questioned Plaintiff and the boys for over two hours. Plaintiff was separated from the children during this entire event.

24. Around 6:45pm, Officer Nelson became frustrated with Plaintiff and told Plaintiff she was arresting Plaintiff. She handcuffed Plaintiff and patted Plaintiff down. Plaintiff was arrested by Officer Drasher, Officer Nelson and Doe Defendants 1 through 5. Plaintiff was taken to a police SUV in the front parking lot of the school and placed in the back seat. Plaintiff was told they were waiting for the Sergeant to arrive.

25. The Sergeant—Doe Defendant 1, arrived. Plaintiff was read her Miranda rights and questioned again by several officers and with Doe 1 as well, while

sitting in the SUV in front of the school. Plaintiff refused a DNA swab without a warrant. The boys' father was called to pick up the boys.

26. Ms. Josephson walked out to the police officers in the front parking lot as she was leaving. She gave them high-fives and hugs and told them what a great job they had done, celebrating the false arrest.

27. Eventually, the police obtained a warrant for Plaintiff's DNA swab and Plaintiff complied.

28. An Old River employee, Ms. Okoli, from the parking lot appeared to be filming Plaintiff on her cell phone. Plaintiff asked the police if she could turn away to hide her face from the filming and any students. Ms. Okoli was the art teacher at Old River and a current parent of a student in Plaintiff's class.

29. Around 9:45-10:15pm, Plaintiff was taken to Kern County Sheriff's Lerdo Pre-trial Facility and booked for lewd and lascivious acts against a minor under 14.

30. Plaintiff was detained until approximately 11:00pm on April 4, 2025. No charges were filed against Plaintiff, and she was finally released from the holding facility. While in custody, Plaintiff was not given socks and was shackled, causing her pain and bleeding, with injury markings present to this day.

**Aftermath of the Arrest**

31. In the ensuing days, Plaintiff suffered an extraordinary onslaught of social media attacks, originating from the arrest itself, PBVUSD, and parents of Plaintiff's students. The arrest was reported by local news outlets, including television, online, radio, websites and social media.

32. Plaintiff suffered separation from her sons and being subject to a temporary restraining order.

33. Plaintiff's custody of her sons was interrupted for weeks; she endured interviews with CPS investigators until her parental rights were restored.

34. Plaintiff lost her teaching position and was removed from the classroom as a result of the false arrest.

35. Plaintiff hired a criminal defense lawyer at substantial expense as a result of the false arrest.

36. Plaintiff began seeing mental health professionals for anxiety, depression, panic attacks and other psychological and emotional suffering caused by the false arrest. As part of her therapy, Plaintiff was prescribed medication to deal with these conditions.

37. It was not until May 28, 2025 that the boys were allowed to return to Plaintiff's house, which was the first time since the arrest that it was not a supervised visitation.

38. Both of Plaintiff's sons are very confused about the whole situation and their grades suffered the last quarter of the 2024/2025 school year. Plaintiff and the boys' father were forced to move the boys to a different school district for the foreseeable future.

39. Plaintiff's reputation has been devastated, she has been threatened online, had her address posted online, with pictures of her sons also posted online. The media coverage was not only local but went national on MSN. Friends and family contacted Plaintiff from out of state about the news story about Plaintiff causing her embarrassment and shame. In addition to the mental, psychological and emotional damages described above, Plaintiff has suffered substantial legal fees and costs, health care costs, and other financial damages as a result of the false arrest.

40. Plaintiff filed a timely Government Code Claim with the City on October 1, 2025; the City denied Plaintiff's Claim on October 30, 2025.

/ / /

/ / /

## FIRST CLAIM FOR RELIEF

**[Against all defendants for false arrest pursuant to 42 U.S.C. Section 1983]**

41.   Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 40 above.

42.   In acting as described in paragraphs 1 through 40 above, each of the Defendants, acting under color of the statutes, regulations and ordinances of the State of California, and the City, negligently, recklessly, intentionally and in bad faith, deprived Plaintiff of the rights, privileges, and immunities secured and guaranteed to her by the United States Constitution and other laws of the United States as follows:

    a.  The Defendants deprived Plaintiff of her right to be free of unreasonable searches and seizures, as set forth and assured by the Fourth and Fourteenth Amendments of the United States Constitution, by seizing and arresting Plaintiff, and causing Plaintiff to be held in custody.

    b.  The Defendants conspired with each other in the deprivation of Constitutional rights which are the subject of 42 U.S.C. § 1983. Specifically, this conspiracy included an illegal agreement to falsely arrest Plaintiff and an illegal agreement to make false statements and create false written reports in an apparent attempt to avoid prosecution, discipline, termination or civil liability.

    c.  The Defendants maliciously sought the prosecution of Plaintiff by presenting false report materials and/or verbal reporting; notwithstanding the Defendants' false statements and misrepresentations, no charges were filed against Plaintiff.

    d.  The Defendants deprived Plaintiff of her rights under the United States Constitution for other reasons as stated in paragraphs 1 through 40 above.

43.   Plaintiff's rights as described above were clearly established at the time of the violations and wrongful conduct alleged in this Complaint; and Defendants knew, or should have known, of Plaintiff's rights, and knew, or should have known, that their wrongful and illegal conduct violated Plaintiff's rights.

44.   To the extent the personal resources of the individual defendants are deficient in the amounts necessary to furnish a suitable remedy to Plaintiff, the City is liable for such deficiency pursuant to California Government Code section 815.2.

45.   As a direct, proximate and legal result of the above illegal and wrongful acts of Defendants, and each of the defendants, Plaintiff suffered and continues to suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

   a.  Loss of liberty.

   b.  Physical injuries, which still continue.

   c.  Severe emotional distress, which still continues.

   d.  Severe psychological distress and injury, which still continue.

   e.  Public degradation and obloquy.

   f.  Injury to her reputation.

   g.  Legal fees and costs.

46.   Except for claims of punitive and exemplary damages, the facts alleged in this action makes the City liable for the conduct of the individual Defendants as described in this Claim for Relief.

47.   Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

48.   The above-described acts by the *individual* defendants were willful, oppressive, intentional and malicious; punitive and exemplary damages are therefore warranted to make an example of and punish the individual defendants, in amounts that will be proven at trial.

## SECOND CLAIM FOR RELIEF

**[Against all defendants for, false police reports ("deliberate fabrication") and conspiracy pursuant to 42 U.S.C. Section 1983]**

49.   Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 48 above.

50.   In acting as described in paragraphs 1 through 48 above, each of the Defendants, acting under color of the statutes, regulations and ordinances of the State of California, recklessly, intentionally and in bad faith, deprived Plaintiff of the rights, privileges, and immunities secured and guaranteed to her by the United States Constitution and other laws of the United States as follows:

a. The Defendants deprived Plaintiff of her right to be free of unreasonable searches and seizures, as set forth and assured by the Fourth and Fourteenth Amendments of the United States Constitution, by seizing and arresting Plaintiff, and causing Plaintiff to be held in custody without probable cause.

b. The Defendants conspired with each other in the deprivation of Constitutional rights which are the subject of 42 U.S.C. § 1983. Specifically, this conspiracy included an illegal agreement to falsely arrest Plaintiff for a violation of Penal Code section 288(a)—lewd acts with child under 14 – to cover up their infliction of excessive force on Plaintiff and an illegal agreement to make false statements and create false written reports and manipulate evidence in an apparent attempt to avoid prosecution, discipline, termination or civil liability.

c. The Defendants maliciously sought the prosecution of Plaintiff for a violation of Penal Code section 288(a) by presenting false report materials and/or verbal reporting and deliberately fabricating evidence; they did so by expressly and impliedly agreeing to prepare the false reports and fabricate the evidence to cover up their infliction

of excessive force; notwithstanding the Defendants' false statements and misrepresentations, no charges were filed against Plaintiff.

d. The Defendants deprived Plaintiff of her rights under the United States Constitution for other reasons as stated in paragraphs 1 through 48 above.

51. Plaintiff's rights as described above were clearly established at the time of the violations and wrongful conduct alleged in this Complaint; and Defendants knew, or should have known, of Plaintiff's rights, and knew, or should have known, that their wrongful and illegal conduct violated Plaintiff's rights.

52. As a direct, proximate and legal result of the above illegal and wrongful acts of Defendants, and each of the defendants, Plaintiff suffered and continues to suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

a. Loss of liberty.

b. Physical injuries, which still continue.

c. Severe emotional distress, which still continues.

d. Severe psychological distress and injury, which still continue.

e. Public degradation and obloquy.

f. Injury to her reputation.

g. Legal fees and costs.

53. Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

54. The above-described acts by the *individual* defendants were willful, oppressive, intentional and malicious; punitive and exemplary damages are therefore warranted to make an example of and punish the individual defendants, in amounts that will be proven at trial.

/ / /

/ / /

## THIRD CLAIM FOR RELIEF

**[Against all defendants pursuant to California Civil Code section 52.1]**

55.    Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 54 above.

56.    In acting as described in paragraphs 1 through 54 above, each of the Defendants, acting under color of the statutes, regulations and ordinances of the State of California, and the City, negligently, recklessly, intentionally and in bad faith, deprived Plaintiff of the rights, privileges, and immunities secured and guaranteed to her by the United States Constitution, the California Constitution, other laws of the United States, and other laws of California—including California Civil Code section 52.1; in doing so, the Defendants, and each of them, interfered, and attempted to interfere, by threats, intimidation and coercion, with the exercise and enjoyment of Plaintiff's constitutional rights as follows:

      a.   The Defendants deprived Plaintiff of her right to be free of unreasonable searches and seizures, as set forth and assured by the Fourth and Fourteenth Amendments of the United States Constitution, by using excessive and illegal force against Plaintiff.

      b.   The Defendants deprived Plaintiff of her rights under the United States Constitution for other reasons as stated in paragraphs 1 through 54 above.

57.    Plaintiff's rights as described above were clearly established at the time of the violations and wrongful conduct alleged in this Complaint; and Defendants knew, or should have known, of Plaintiff's rights, and knew, or should have known, that their wrongful and illegal conduct violated Plaintiff's rights.

58.    As a direct, proximate and legal result of the above illegal and wrongful acts of Defendants, and each of the defendants, Plaintiff suffered and continues to suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

    a. Loss of liberty.

    b. Physical injuries, which still continue.

    c. Severe emotional distress which still continues.

    d. Severe psychological distress and injury which still continue.

    e. Public degradation and obloquy.

    f. Injury to her reputation.

    g. Legal fees and costs.

59. Except for claims of punitive and exemplary damages, the facts alleged in this action makes the City liable for the conduct of the individual Defendants as described in this Claim for Relief.

60. Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

61. The above-described acts by the *individual* defendants were willful, oppressive, intentional and malicious; punitive and exemplary damages are therefore warranted to make an example of and punish the individual defendants, in amounts that will be proven at trial.

## FOURTH CLAIM FOR RELIEF

### [Against the Defendant City pursuant to 42 U.S.C. Section 1983—*Monell* Liability]

62. Plaintiff re-alleges and incorporates by reference in this Claim for Relief, each allegation set forth in paragraphs 1 through 61 above.

63. Plaintiff is informed and believes, and on that basis alleges, that at all times prior to December 11, 2021, the City and BPD permitted, encouraged, tolerated, and ratified a pattern and practice by its employees, including the Officers of making false arrests, engaging in unreasonable searches and seizures, utilizing unreasonable force against citizens, improperly intimidating and threatening citizens, and disrespecting citizens' sexual orientation. The City and BPD knew or should have known, or were deliberately indifferent to, and failed to

appropriately monitor, supervise and discipline law enforcement employees for illegal conduct.

64.   Plaintiff is informed and believes, and on that basis alleges, that the above acts, omissions and systematic deficiencies are policies, practices and customs of the City and BPD; as such, the City and BPD caused their employees, including the Officers, to disregard the rules and laws governing the standards for treatment of citizens suspected of crimes. The City and BPD led their employees to believe that their treatment of citizens would not be honestly and properly investigated and appropriately disciplined, all with the known and foreseeable result that law enforcement personnel are more likely to illegally treat citizens suspected of crimes.

65.    Plaintiff is informed and believes, and on that basis alleges, that the above acts, omissions and systematic deficiencies are policies, practices and customs of the City and BPD; as such, the City and BPD caused their employees to disregard the rules and laws governing standards for making proper arrests. Instead, the City and BPD led their employees to believe that false arrests would not be honestly and properly investigated and appropriately disciplined, all with the known and foreseeable result that law enforcement personnel are more likely to act unreasonably to falsely arrest citizens.

66.    As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the City and BPD, the Officers, and each of them, intimidated, arrested, jailed and searched Plaintiff illegally.

67.    As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the City and BPD, the Officers, and each of them caused the Plaintiff to be subject to unreasonable searches and seizures.

68.  As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the City and BPD, the Officers, and each of them caused the Plaintiff to be falsely arrested and caused the incarceration of Plaintiff.

69.  As a direct, proximate and legal result of the above illegal and wrongful acts, omissions, systematic deficiencies, policies, practices and customs of the City and BPD, the Officers, and each of them caused the Plaintiff to be subject to unreasonable use of force during the April 2, 2025 arrest.

70.  Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 1988.

71.  As a direct, proximate and legal result of the above illegal and wrongful acts of defendants, and each of the defendants, Plaintiff suffered and/or continues to suffer injury, damage, and loss, including, but not limited to the following, in amounts which will be proven at trial:

    a.  Loss of liberty.

    b.  Public degradation and obloquy.

    c.  Injury to her reputation.

    d.  Severe emotional and psychological distress.

    e.  Physical injury manifesting and arising from this emotional and psychological distress.

WHEREFORE, Plaintiff prays for judgment in the amount of $10 Million or greater and relief as to all claims for relief as follows:

1.  General and special damages according to proof;

2.  Exemplary and punitive damages as to the defendants who are individuals, [not the public entity defendants] according to proof;

3.  Costs and reasonable attorney fees pursuant to 42 U.S.C. section 1988, and any other applicable statute or authority;

4.  Costs of suit; and

5.  Any further relief the Court deems just and proper.

                                      Respectfully submitted,

Dated:  March 6, 2026            Michael H. Artan, Lawyer, APC
/s/ Michael H. Artan

_____

Michael H. Artan
*Counsel for Plaintiff*
*Kimberly Gardiner Tull*

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues and claims that may be tried to a jury.

Respectfully Submitted,

Dated:  March 6, 2026             Michael H. Artan, Lawyer, APC

/s/ Michael H. Artan

_____

Michael H. Artan
*Counsel for Plaintiff*
*Kimberly Gardiner Tull*